**JENNIFER MOUZIS**
**Mouzis Criminal Defense, LLC.**
State Bar No. 200280
1819 K Street, Suite 200
Sacramento, California 95811
Telephone: (916) 822-8702
Facsimile: (916) 822-8712

Attorney for Defendant
AARON IRIBE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:21-CR-189-KJM |
| | ) | |
| Plaintiff, | ) | **NOTICE OF MOTION FOR BAIL REVIEW; MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR BAIL REVIEW** |
| v. | ) | |
| | ) | |
| **AARON IRIBE,** | ) | |
| | ) | |
| Defendants. | ) | |

PLEASE TAKE NOTICE that on December 2, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard, defendant AARON IRIBE by and through his undersigned counsel, will and hereby does move the Court to conduct a bail review. 18 U.S.C. § 3141 and 3142.

This motion is based on the record and file in this case and such evidence and argument as the Court may receive at the hearing on this motion along with a memorandum in support of this motion.

Dated: November 30, 2021         /s/ Jennifer Mouzis
                                 JENNIFER MOUZIS
                                 Attorney for Defendant
                                 AARON IRIBE

//

# MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR BAIL REVIEW

## I. INTRODUCTION

Defendant Aaron Iribe made his initial appearance in this case on October 14, 2021 (ECF 10). The Court held Mr. Iribe based upon the Redacted Indictment (ECF 9) and set a detention hearing for October 18, 2021. The detention hearing on October 18 was continued to October 19, 2021 to allow further interview of defendant by Pretrial Serves (ECF 14). At that time, counsel submitted on the issue of detention subject to the development of additional facts which may warrant further consideration.

Mr. Iribe comes now with a several suitable third-party custodians, residence, bond package, and release plan to overcome any presumption of danger and flight risk. Specifically, Mr. Iribe's uncle, Felipe Haro, has agreed to put up his property for the bond package. In addition, Mr. Iribe's mother in law, Erika Melendez, has agreed to be a signer on his bond package. Mr. Iribe will live with his Valerie Iribe and their two young children in Tulare, California. Mr. Iribe is also willing to submit to location monitoring.

## II. ARGUMENT

In order to continue to detain Mr. Iribe, the Court must find by clear and convincing evidence that there is no condition or combination of conditions that will assure that he will not flee or pose a danger to the safety of any other person or the community, or that he is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3142(g). Courts also take into consideration the nature and circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the defendants. 18 U.S.C. § 3142(g). Moreover, the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, et. seq., requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(c)(2); *United States v. Motamedi*, 767 R.2d 1403, 1405 (9th Cir.1985). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be

resolved in the defendant's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

In Mr. Iribe's case, with his proffered bond package and release conditions, he is not a flight risk or danger to the community. His history, characteristics, and significant family and work ties to California establish his ability, motivation, and likelihood to follow all the rules and court conditions.

These factors, along with the nature and circumstances of the charged offense and the weight of the evidence, together favor release.

### a. Mr. Iribe is not a flight risk or a danger to the community

Although this is a presumption case, Mr. Iribe overcomes the presumption as an individual with a minimal criminal record, very strong ties to California, an appropriate bond package, third-party custodian, danger to his health remaining in custody due to uncontrolled blood pressure and anxiety, and strong release plan.

Mr. Iribe proposes that he leave custody to live with his wife and children along with location monitoring. His mother in law, Erika Melendez has also agreed to help with keeping Mr. Iribe on track. She has no criminal record and also have strong ties to the area, and a job that she has been working for 4 years. If released immediately, he has a job to which he can return and work full time, just as he did until he was arrested for the instant offense.

With the above considerations, and in consideration of the factors discussed below, Mr. Iribe overcomes the presumption of danger and flight and should be released.

### b. Nature and circumstances of the offense

Mr. Iribe is facing two counts: 21 U.S.C. §§ 846, 841(a)(1) and 21 U.S.C. § 841(a)(1).

### c. History and characteristics of the defendant

Mr. Iribe, 32, was born and raised in Compton, California. Mr. Iribe, along with his wife and children now live in Tulare, California for approximately 5 years. Mr. Iribe's parents, Dora Aide Cabrera and Martin Iribe reside together in Tulare, CA and Mr. Iribe has contact with them daily. Mr. Iribe has two brothers, Martin (age 31) of Los Angeles, California; and David Iribe

(age 27) of Tulare, California. The defendant indicated he does not have much contact with Martin, but he has daily contact with David.

Other than the instant case, Mr. Iribe has one felony conviction from over 10 years ago.

### III.    CONCLUSION

For the reasons stated, the defendant Aaron Iribe respectfully requests the Court release him from custody subject to appropriate conditions of release.


Dated: November 30, 2021          /s/ Jennifer Mouzis
                                  JENNIFER MOUZIS
                                  Attorney for Defendant
                                  AARON IRIBE